UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
NOV 29 2010
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-40126 |
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| DAVID BEULKE, | |
| Defendant. | |

The Defendant, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney. The Agreement is as follows:

A. **ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDERSTANDING OF MAXIMUM PENALTIES:** The Defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands same. The Defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled.

**B.     PLEA AGREEMENT PROCEDURE – NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATION:** The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure which authorizes the United States to agree that it will recommend, or agree not to oppose, the Defendant's request that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor, does or does not apply.  Such agreements and recommendations are not binding on the Court, and the Defendant may not withdraw his plea of guilty if the Court rejects them.

**C.     PLEA OF GUILTY TO CHARGE AND WAIVER OF INDICTMENT:** The Defendant will waive indictment in this case and plead guilty to an Information charging a violation of 18 U.S.C. § 1341.  The charge carries a maximum sentence of 20 years in prison, a $250,000 fine, or both, and a period of supervised release of 3 years.  If the Defendant is found by a preponderance of evidence to have violated a condition of supervised release, he may be incarcerated for an additional term of up to 2 years on any such revocation.  There is also a $100 assessment to the victims' assistance fund.  Restitution may also be ordered.

**D.     VIOLATION OF TERMS AND CONDITIONS:** The Defendant acknowledges and understands that if he violates the terms of this plea agreement, engages in any further criminal activity, or fails to appear for

sentencing, this plea agreement shall become voidable at the discretion of the United States and the Defendant will face the following consequences:

(1)  All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2)  The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from him in those additional prosecutions.

(3)  The United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

**E.  ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates the Defendant has not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he: (1) complies with the terms of this plea agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release

after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

F.  **TIMELY ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that the Defendant has timely notified authorities of his intention to enter a plea of guilty thereby permitting the United States and the Court to allocate their resources efficiently. Therefore, if the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is level 16 or greater and the Defendant qualifies for a two-level decrease under U.S.S.G. § 3E1.1(a), this provision shall be treated at the sentencing hearing as a motion pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one additional level.

G.  **GOVERNMENT'S RECOMMENDATION REGARDING SENTENCE – ANY SENTENCE WITHIN STATUTORY LIMITS:** At the sentencing hearing, both the United States and the Defendant are free to recommend whatever sentence each feels is appropriate, within statutory limits, present evidence, and make arguments in support thereof. The Defendant understands that any recommendation made by him or the United States is not binding on the Court. The Defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation.

The Government agrees that an adjustment pursuant United States Sentencing Guidelines Section 3B1.3 (Abuse of Position of Trust or Use of Special Skill) should not be applied in this case.

**H.    STIPULATED LOSS AMOUNT:** It is understood and stipulated between the United States and the Defendant that the loss amount in this matter is greater than $2,500,000 but less than $7,000,000, pursuant to U.S.S.G. § 2B1.1(b)(1)(J).

**I.    SPECIAL ASSESSMENT:** The Defendant agrees to remit to the U.S. Clerk of Court, 400 S. Phillips Ave., Sioux Falls, SD 57104, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $100, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

**J.    RESTITUTION – AGREEMENT TO PAY:** The Defendant hereby agrees to make restitution at or before sentencing pursuant to 18 U.S.C. §§ 3663 and 3663A in the amount of $5,610,563. The Defendant agrees to make all restitution payments to U.S. Clerk of Court, 400 S. Phillips Ave., Sioux Falls, SD 57104.

**K.    MONETARY OBLIGATIONS – DEFENDANT'S ONGOING DUTY:** If the Defendant does not have sufficient financial resources to immediately satisfy the financial obligations imposed upon him at sentencing, the Defendant agrees, if requested by the United States, to promptly execute and return an executed

Authorization to Release Financial Records and Documents, an executed Authorization to Release Tax Returns and Attachments and an executed Financial Statement. The Defendant understands that this is an ongoing duty which continues until such time as payment is remitted in full. Also the Defendant may be required to furnish the requested information, as well as current earnings statements and copies of his W-2s even if the request is made after he has been sentenced.

The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case.

The Defendant also agrees that if he is incarcerated, he will participate in the Bureau of Prison's Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations ordered by the Court. The Defendant's agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue collection from other available sources. If there is no period of incarceration ordered, the Defendant agrees that payment of any financial obligations ordered by the Court shall be a condition of probation.

**L.     IDENTIFICATION OF ASSETS:** The Defendant agrees to identify all assets over which he exercises or exercised control, directly or indirectly, within the past 10 years, or in which he has or had during that time any financial

interest. The Defendant agrees to take all steps as required by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the Defendant. The Defendant agrees to provide and/or consent to the release of his tax returns for the previous 20 years.

**M.    NO FURTHER PROSECUTION:** The United States agrees that there will be no further federal criminal prosecution of the Defendant in the District of South Dakota based on the information and evidence now available to the United States regarding the Defendant's involvement with the offense charged in the Information.

**N.    AGREEMENT TO RELEASE INTEREST IN SEIZED FUNDS AND TO USE SUCH FUNDS TOWARD RESTITUTION:** The Defendant hereby releases all interest in any proceeds of the mail fraud scheme, including, but not limited to, the money seized by the United States from various accounts pursuant to seizure warrants in the total amount of $2,479,690.72 (hereinafter referred to as "the seized money"). The Defendant agrees to hold the United States, its agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the seized money.

The Defendant agrees to consent to the entry of an order of forfeiture for the seized money, and he waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of

the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of the seized money is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

The Defendant acknowledges that the seized money is subject to forfeiture as proceeds of illegal conduct and/or as substitute assets for property otherwise subject to forfeiture.

The Government agrees to apply to the Chief of the Asset Forfeiture and Money Laundering Section of the Criminal Division of the United States Department of Justice ("AFMLS") for authorization to restore the seized money for restitution, to 3M and to its insurer, Chartis Insurance, as partial satisfaction of the Defendant's restitution obligations as stated in Paragraph J of this agreement.

On November 3, 2010, AFMLS preliminarily approved restoration of the seized money as partial satisfaction of Defendant's restitution obligation, provided that 3M and Chartis Insurance are listed in the restitution order, and the seized money is forfeited pursuant to a Final Order of Forfeiture.

O.  **NON-ABATEMENT OF CRIMINAL FORFEITURE:** The Defendant agrees that the forfeiture provisions of this agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the Defendant had survived, and that determination shall be binding upon the Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires the Defendant to disgorge wrongfully obtained criminal proceeds for the benefit of his victim[s], the Defendant agrees that the forfeiture is primarily remedial in nature.

P.  **AGREEMENT TO PAY OVER PROCEEDS OF SOLD PROPERTY TO RESTITUTION:** The Defendant further agrees that, at the time of sentencing, he will pay over to restitution the entirety of the net proceeds received from the sale of real property described as follows:

> Government Lots One (1) and Two (2), and the East Half of the Northwest Quarter (E ½ NW 1/4) (also described as the Northwest Quarter (NW 1/4)), of Section Thirty-One (31), Township One Hundred Nine (109) North, Range Fifty (50), West of the 5th P.M., in Brookings County, South Dakota,

together with any and all structures, outbuildings, whether habitable or uninhabitable, and fixtures associated with or located upon the above-described real property (hereinafter referred to collectively as the "Brookings County Farm").

In addition, the Defendant agrees that, at the time of sentencing, he will pay over to restitution the entirety of the net proceeds he has received from the sale of personal property and equipment during calendar year 2010, including but not limited to funds derived from such sales that have been held in his attorney's client trust account since approximately June 17, 2010. When combined with the proceeds of the real property described above, those funds held in his attorney's client trust account totaled approximately $1,384,204.77 as of September 20, 2010. That amount ($1,384,204.77 as of September 20, 2010) does not account for income taxes associated with (1) the real and personal property sales and (2) the resulting income taxes, penalties, and interest relating to Defendant's contribution to Jane Beulke's, Anne Beulke's, and Linda Beulke's seized or frozen IRAs. The amount to be paid over to restitution will be the net amount left after the income taxes and interest and penalties relating to the contributions by Defendant are paid.

Defendant also agrees to liquidate and pay over to restitution all interest in any assets related to this offense that the Defendant currently owns, has previously owned or over which the Defendant currently, or has in the past, exercised control, directly or indirectly, within 60 days of sentencing.

**Q.  BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for his guilty plea in this case, and is a true and accurate

statement of his actions or omissions with regard to the charges to which he is entering a plea, and that the Court may rely thereon in determining the basis for his plea of guilty as provided for in this plea agreement.

**R.** **WAIVER OF SPEEDY TRIAL:** The Defendant agrees to waive any rights to a speedy trial under either the United States constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

**S.** **PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**T.** **SCOPE OF AGREEMENT:** This agreement shall include any attachments, exhibits or supplements designated by the parties. It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

Nothing in this agreement limits the United States from enforcing payment of any unpaid debt balance as provided by law.

**U.** **WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal

any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

### SUPPLEMENT TO PLEA AGREEMENT

The United States will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Standing Order.

BRENDAN V. JOHNSON
United States Attorney

11/29/10
Date

KEVIN KOLINER
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605)330-4400
Facsimile: (605)330-4410
E-Mail: kevin.koliner@usdoj.gov

APPROVED:
BRENDAN V. JOHNSON
United States Attorney
By:

DENNIS R. HOLMES
Chief, Criminal Division

11/24/10
Date

David Beulke
Defendant

-12-

11/24/10
Date

David Palmer
Attorney for Defendant